

**SO ORDERED.**

**SIGNED this 12th day of March, 2008.**

```
                              LEIF M. CLARK
                        UNITED STATES BANKRUPTCY JUDGE
```

---

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| IN RE | BANKR. CASE NO. |
|---|---|
| ROBERTO LEE | 08-30355 |
| *DEBTOR* | CHAPTER 13 |

### ORDER EXCUSING DEBTOR FROM CREDIT COUNSELING BRIEFING REQUIREMENTS OF § 109(H)(1)

CAME ON for consideration the foregoing matter. The debtor seeks to be excused from the briefing requirements of section 109(h)(1). The debtor argues that he is "physically impaired" within the meaning of section 109(h)(4), such that he should be entirely excused from having to attend a credit counseling briefing.[1]

---

[1] The statute also allows a debtor an extension of time to attend the briefing, if the court finds "exigent circumstances" under section 109(h)(3). Subsection (3)(B) requires the debtor, if relief has been granted under subsection (3)(A), to attend a briefing within 30 days *after* the petition is filed. It is not known why Congress insisted on this provision. Presumably, the purpose of the briefing was to give the debtor a chance to evaluate alternatives to filing for bankruptcy. Once the debtor has already filed, it seems pointless to attend such a briefing.

Suppose the debtor, having been enlightened after taking the briefing, decides that, yes, he should try to work things out with his creditors outside of bankruptcy. Can the debtor then simply "undo" the filing? Can the debtor withdraw the voluntary petition? Assuming the debtor now realizes that a bankruptcy filing will be a permanent stain on his credit record ("good thing I attended this briefing and found out about that!"). Can the debtor then erase the bankruptcy case? The answer to all of these questions is "no." True, if the debtor filed chapter 13, the debtor can voluntarily dismiss. But if the debtor files chapter 7 or 11, the debtor has no such right. It is too late. So why insist that the debtor attend the briefing post-petition at

Section 109(h)(4) says that a debtor is entirely excused from having to attend the briefing if the debtor is unable to complete the briefing requirements "... because of incapacity, disability, or actively military duty in a combat zone."[2] See 11 U.S.C. § 109(h)(4). The statute goes on to say that the "disability" means "that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing ..." Id.

The debtor in this case is incarcerated at a work camp. He is not permitted to make phone calls out (other than once a week to a family member). He is not permitted internet access of the sort he would have to have in order to obtain a credit counseling briefing online. He is, of course, not permitted to leave the premises to attend a briefing. His wife tried to arrange for a credit counseling service to come to the prison, but without success.

The debtor argues that he is "physically impaired" within the meaning of the statute "because his incarcerated situation is a physical impairment that renders him unable, after reasonable effort, to participate in an in-person, telephone or Internet briefing under § 109(h)(1). The physical impairment in this instance is external, not internal, to himself, and it is placed upon him by the penal system. It is even more thoroughly disabling, with respect to taking the approved budget and credit counseling, than a bodily infirmity in many instances would be." Motion, at ¶ 6.

The argument has some attraction. Of course, the debtor's reference to "bodily infirmity" is a tacit recognition on his part that the expression "physical impairment" normally calls to mind bodily infirmities. Yet it is not always the case that what is normally called to mind exhausts all the acceptable examples of the plain meaning of a particular expression used in a statute. By way of

---

all, other than as a perverse imposition of yet one more technicality on a debtor who wants and needs bankruptcy relief? Congress' intentions, unfortunately, are unknown, as the legislative history regarding this provision is opaque.

[2] At the time this provision was enacted in 2005, the United States had military personnel engaged in at least two "hot" combat zones – Iraq and Afghanistan.

example, a "tool of the trade" might normally be thought of to refer to "tools" – hammers, drills, and other hand implements used in a trade. Yet this court ruled that a computer, used by a draftsman to run his CAD software, could also qualify as a "tool of the trade" within the meaning of the exemption statute there under consideration. *See In re Neal*, 140 B.R. 634, 638 (Bankr. W.D.Tex. 1992). Similarly here, the statute is designed to provide a sensible exemption from attending the credit counseling briefing when physical circumstances render doing so impossible. That only makes sense, less the statute itself be rendered an absurdity by imposing an impossibility on the debtor, then denying the debtor access to bankruptcy based on the debtor's failure to do the impossible. The court prefers not to impute perverse motives to Congress.

For the reasons stated, the motion is granted. The debtor is excused from the attending the briefing required by section 109(h)(1).

# # #